UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN LAUGA** | * | **CIVIL ACTION** |
| | * | **NUMBER:** |
| | * | |
| **VERSUS** | * | **SECTION " "** |
| | * | **JUDGE** |
| **PARISH OF ST. BERNARD** | * | |
| | * | **MAGISTRATE " "** |
| | * | **JUDGE** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, **GLENN LAUGA,** who respectfully files this Complaint and avers as follows:

## PARTIES

1. Plaintiff, Glenn Lauga is an adult resident of the Parish of St. Bernard, State of Louisiana, who previously served in the St. Bernard Parish Fire Department as a Chief of Fire Prevention before retiring in 1988.

2. Defendant, Parish of St. Bernard, is a political subdivision of the State of Louisiana and operates under a Home Rule Charter previously approved and ratified by the citizens and voters of the Parish of St. Bernard.

2

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter, pursuant to one or more of the following statutory provisions:  1)  28 U.S.C. §1331 in that the action arises under the Constitution and Laws of the United States of America; 2) Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185 and 3) Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132.

4. Venue is proper in this matter, pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

**FACTS**

5. Prior to the adoption of its Home Rule Charter in the early 1990s, St. Bernard Parish operated under the authority of the St. Bernard Parish Police Jury.

6. Previously, the St. Bernard Parish Police Jury had entered into a Collective Bargaining Agreement ("CBA") with the International Association of Fire Fighters, Local #1468 ("Union").

7. The CBA outlined the various employee welfare benefits that fire fighters and others enjoyed, including retiree health and medical insurance benefits, that were outlined in the Health and Welfare Plan ("Plan").

8. Glenn Lauga served in the St. Bernard Parish Fire Department as the Chief of Fire Prevention for many years retiring in 1988.

9.  In 1975, the St. Bernard Parish Fire Department went on strike seeking improved job benefits.

3

10. To settle the strike, the St. Bernard Parish Police Jury and the Union entered into the relevant CBA.  Membership in the union resulted in St. Bernard Parish paying for the health insurance for retirees who were a part of the union.

11. Article 2 of the CBA, however, specified that the Fire Chief, Assistant Fire Chief, Chief Training Officer, Fire Prevention Personnel and Fire Alarm Personnel could not obtain membership in the union.

12. Therefore, by virtue of his title as Chief of Fire Prevention, Mr. Lauga was not eligible to receive the health benefits offered to classified union members.

13. Upon his retirement in 1988, Mr. Lauga was responsible for paying his own health insurance premiums.  He has paid approximately $113.00 each month over the last 30 years since his retirement or approximately $43,000.00.

14. Recently, however, Mr. Lauga has learned that two former employees, who were not members of the union, have had their health insurance premiums paid by St. Bernard Parish.

15. Over a significant number of years, St. Bernard Parish has paid the health insurance premiums for Chief Lester Cureau and for Dominick Russo, an inspector.

16. Mr. Lauga met with St. Bernard Parish officials and employees in January 2016 to discuss his grievance.  A Parish employee told him that its decision to pay Cureau and Russo was a special consideration made by the Parish.

17. The CBA does not grant St. Bernard Parish the unilateral right to grant benefits to non-union members.

18. In addition, the CBA does not provide St. Bernard Parish with the authority to reduce or terminate benefits for any parties that are covered under the agreement.

19. Under LMRA Section 301 and ERISA, St. Bernard Parish is obligated to provide retiree health and life insurance benefits throughout retirement without unilateral reduction, as set forth in the CBA.

### VIOLATION OF SECTION 301 OF THE LMRA

20. Paragraphs 1 through 19 are re-alleged and incorporated by reference herein.

21. In the years prior to his retirement and since his retirement, Mr. Lauga's retiree health and life insurance benefits were the subject of various labor agreements, including the CBA referenced herein, between St. Parish and the Union.

22. Under those agreements, Mr. Lauga was entitled to be treated in a similar fashion as others and not to be subject to any unilateral reduction or termination of benefits during retirement.  The defendant's reduction of his retiree benefits infringes upon those rights.

23. Accordingly, the defendant's reduction of retiree benefits violates collectively bargained obligations owed to Mr. Lauga and is actionable under Section 301 of the LMRA, 29 U.S.C. §185(a).

## VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

24. Paragraphs 1 through 19 are re-alleged and incorporated by reference herein.

25. At all pertinent times herein, St. Bernard Parish is or has been the "employer" of the retirees within the meaning of ERISA, 29 U.S.C. §1002(5).

26. Through its actions described herein, St. Bernard Parish violated the rights of Mr. Lauga, as retiree health and life insurance benefits are not subject to unilateral reduction or termination during retirement. St. Bernard Parish's actions infringe upon and are in derogation of those rights.

27. The defendant's repudiation of the terms of the employee welfare benefit plan is actionable under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), which allows a participant or beneficiary to institute a civil action to recover benefits due to him; to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests the following from this Honorable Court:

A. Declare that the retiree health and life insurance benefits outlined in the collectively bargained agreements between St. Bernard Parish and the Union may not be unilaterally modified or terminated by the defendant.

B. Award the plaintiff monetary damages, including interest, to restore the plaintiff to the position in which he should be in, but for the defendant's contractual and statutory violations of the collectively bargained agreements.

C. Award the plaintiff reasonable attorney's fees and court costs incurred in instituting this action.

D. Award the plaintiff any pre-judgment and post-judgment interest on any retroactive amounts awarded.

E. Grant such further relief as may be deemed necessary and proper.

                Respectfully submitted,

                s/Randy G. McKee
                Randy George McKee, Esq. (#24552)
                Carter & McKee, L.L.C.
                1100 Poydras Street
                Suite 1475
                New Orleans, LA  70163
                Telephone:     504.581.5902
                Email:             rmckee@cartermckeelawfirm.com