UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN LAUGA                                CIVIL ACTION

VERSUS                                     NO: 17-13443

PARISH OF ST. BERNARD                      SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 11). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Lauga, a retired firefighter, brought suit against the parish of St. Bernard alleging violations of the Labor Relations Management Act (LRMA) and the Employee Retirement Income Security Act (ERISA).

Plaintiff served as the Chief of Fire Prevention for the St. Bernard Fire Department for many years before retiring in 1988. In 1975, the fire department and the International Association of Fire Fighters, Local #1468 ("the Union") entered into a collective bargaining agreement ("the CBA") for

1

improved job benefits. The CBA provided, among other things, that St, Bernard Parish would pay health insurance premiums for retirees who were part of the Union. It also provided, however, that the "Fire Chief, Assistant Fire Chief, Chief Training Officer, Fire Prevention Personnel, and Fire Alarm Personnel" could not obtain membership into the Union. Accordingly, when Plaintiff retired as Chief of Fire Prevention in 1988, he began paying his own health insurance premiums because he was not eligible to receive the Union benefits.

Plaintiff alleges that in 2016 he learned that St. Bernard Parish had for a significant number of years paid the health insurance premiums of two non-Union retirees. Plaintiff was told the decision to pay the health premiums of these retirees was a special consideration made by the Parish. Plaintiff filed the instant action, alleging that Defendant St. Bernard Parish has violated the LRMA and ERISA by unilaterally reducing or terminating his benefits. Defendant moves to dismiss all of Plaintiff's claims.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544).

[2] *Iqbal*, 556 U.S. at 677.

2

all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7] However, dismissal is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[8] The Fifth Circuit defines this standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved on their behalf, the complaint states any valid claim for relief."[9]

## **LAW AND ANALYSIS**

Defendant moves to dismiss Plaintiff's claims on the grounds that (1) Plaintiff's claims are prescribed; (2) Plaintiff has not alleged facts sufficient to support a claim under the LRMA or ERISA; and (3) Plaintiff has not exhausted administrative remedies. Plaintiff opposes the Motion but fails to address Defendant's arguments regarding his failure to state a claim. Because this

---

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 129 U.S. at 678.
[5] *Id.*
[6] *Id.*
[7] *Lormand*, 565 F. 3d at 255–57.
[8] Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001).
[9] Lowery v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

Court ultimately holds that Plaintiff has failed to state a claim, it need not address Defendant's other arguments.

Defendant argues that the Complaint fails to allege facts sufficient to support a claim for violations of the LRMA and ERISA. The Complaint alleges that the CBA specifically states that the Fire Chief, Assistant Fire Chief, Chief Training Officer, Fire Prevention Personnel, and Fire Alarm Personnel cannot obtain membership into the Union.[10] Paragraph 12 of Plaintiff's Complaint states that "by virtue of his title as Chief of Fire Prevention, Mr. Lauga was not eligible to receive the health benefits offered to classified union members."[11] Accepting these statements as true, Defendant did not violate the CBA by failing to pay Plaintiff's health insurance premiums because he was not entitled to such.

Nevertheless, Plaintiff's Complaint alleges that the "unilateral reduction" of his retiree benefits "violates collectively bargained obligations owed" to him and is actionable under LMRA and ERISA. His Complaint, however, makes clear that he was not owed any retiree health benefits under the clear terms of the CBA. Plaintiff does not show how these facts entitle him to relief under the LMRA or ERISA. Accordingly, Plaintiff has not stated facts that support a claim. This Court cannot see how amendment could remedy these deficiencies and thus finds that amendment would be futile.

---

[10] Doc. 1.
[11] Doc. 1.

## **CONCLUSION**

For the foregoing reasons, this Motion is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 10th day of October, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**